The Honorable Louis McJunkin State Representative P.O. Box 223 Springdale, Arkansas 72765-0223
Dear Representative McJunkin:
This is in response to your request for an opinion, prompted by the Springdale City Attorney, on three questions involving the retirement benefits of a former Springdale Deputy City Clerk in light of two provisions of state law. The factual scenario which gives rise to the questions is as follows:
 An employee of the City of Springdale is employed in 1964 and on February 1, 1966, started contributing to a pension fund, to which the City of Springfield also contributed. On September 25, 1973, this employee became Deputy City Clerk for the City of Springdale and served in this capacity until retiring on December 31, 1994, at the age of 62. Both the employee and the City of Springdale continued to contribute to the employee's pension fund before her retirement. The employee has expressed the desire to take benefits under A.C.A. § 24-12-122, and the city council has approved these benefits, but A.C.A. § 14-42-117 is unclear on what she is entitled to from the City's pension fund.
A review of the two relevant statutes should be helpful prior to setting out and addressing the three specific questions. Section 24-12-122 of the Arkansas Code is a provision of law governing the retirement of deputy city clerks. It provides as follows:
 (a) Any deputy city clerk in a city of the first class who shall have served twenty (20) years as a deputy city clerk, who shall have attained the age of sixty-five (65) years, and who shall retire from office or be succeeded by another deputy city clerk, may receive, for the remainder of his life, the retirement pay provided for in this section.
 (b)(1) Any deputy city clerk who shall retire or be succeeded by another deputy city clerk within the provisions of this section may be paid monthly a sum equal to one-half of the monthly salary received by him during the last preceding year of his service.
 (2) The retirement pay shall be paid by the city from its general fund account when appropriated for that purpose by the governing body of the city.
The employee in question wishes to take benefits under this section and apparently the city council has approved the payment from the general fund. There is no "pension fund" or contributions involved under this statute, rather, the retired deputy city clerk is simply paid retirement benefits from general fund revenues. Your questions thus revolve around the fact that the employee and the city have been contributing to some type of city "pension fund" on behalf of this employee since this employee began working for the City in 1966. At this early date, the employee did not know that she would ultimately become deputy city clerk and serve twenty years in that position in order to be eligible for benefits under A.C.A. § 24-12-122. She thus participated in some type of local pension fund which involved contributions on her part and on the part of the City. This is where the second statute you have cited becomes relevant. Section 14-42-117 (Cum. Supp. 1993) provides as follows:
 Notwithstanding any other law to the contrary, any employee of a first-class city, second-class city, or incorporated town, and any elected official of a first-class city, second-class city, or incorporated town who is entitled by an act of the General Assembly to retirement benefits for service as such employee or elected official and who also participates in another retirement plan established by the city for the same period of service shall be entitled to only one (1) retirement benefit for the same period of service to the municipality, provided that no elected official may withdraw in a lump sum or roll over into a private account any accumulated benefits established by the municipality for which the official was employed and at the same time receive a pension as provided for under an act of the General Assembly, and the employee or elected official may choose whether to receive the retirement benefit provided by law or provided by the plan offered by the municipality.
Your three questions under this statute are as follows:
 1. If this employee elects retirement benefits under A.C.A. § 24-12-122, can she draw out of the pension plan all moneys that the City contributed, with interest, prior to the date she became Deputy City Clerk (September 25, 1973)?
 2. Since the Deputy City Clerk had 20 years of service as of September 25, 1993, if she elects retirement benefits under A.C.A. § 24-12-122, can she receive all moneys that the City contributed to her pension plan, along with accrued interest on those amounts, after September 25, 1993? (She had 20 years in as Deputy City Clerk on this date.)
 3. Can this employee receive all of her City pension benefits and take it as a set-off against any moneys she would receive beginning when she turns age 65 under A.C.A. § 24-12-122? For example, if this total that the City has contributed with interest is $50,000.00, could she start drawing one-half of her retirement benefits at the age of 65 years, but not receive any money until the $50,000.00 is fully set-off?
It is my opinion that the answer to your first question will depend upon the provisions of the city pension plan, but that nothing in A.C.A. §14-42-117 would prohibit this action. It is my opinion that the answer to both your remaining questions is "no."
Your first question addresses the period of time prior to the employee becoming Deputy City Clerk. You do not state in what capacity the employee served the city during this time period, or in what type of pension plan the employee began participation.[1] It is my opinion, however, that nothing in A.C.A. § 14-42-117 would prohibit the employee from receiving benefits under A.C.A. § 24-12-122 while at the same time receiving accumulated contributions for this time period. The relevant question will be whether the ordinances and rules governing the local city plan would allow the employee to draw out contributions made by the City when the only service which can be counted in that system is the years served prior to September 25, 1973. Some explanation is necessary. Section 14-42-117 of the Arkansas Code does not, in my opinion, prohibit the collection of city contributions for this time period because it prohibits entitlement to more than one retirement benefit "for the same period of service." The period of service prior to September 25, 1973 is not the same period of service for which the employee will be receiving benefits under A.C.A. § 24-12-122. That period of service is between September 25, 1973 and December 31, 1994.[2] It should be noted, however, that the latter period of service cannot be counted or used in any way to calculate any benefits under the local city plan. Under A.C.A. § 14-42-117, the employee must choose whether to receive the retirement benefits provided by law, or provided by the local plan. She may not choose both. Thus, the only period of service which can be used to determine any eligibility for local plan benefits is that time between February 1, 1966 (or sometime in 1964 if the employee had the option to purchase any credited service for this period) and September 2, 1973 when the employee became deputy city clerk. It may be, under the local city plan provisions, that this period of service is insufficient to receive or draw any city contributions made on behalf of the employee. I have not been presented with any particulars about the local city plan, and thus cannot make a determination in this regard. It is my conclusion, however, that the prohibitions of A.C.A. § 14-42-117 would not apply to the period of service which occurred prior to the employee becoming deputy city clerk.
It is my opinion that the answer to your second question is "no." This question inquires as to whether the employee can receive accumulated city contributions made during service as deputy clerk which occurred after
the employee was eligible to retire under the provisions of A.C.A. §24-12-122 (but during which she did not retire) This, in my opinion, would be prohibited by A.C.A. § 14-42-117 as the receipt of retirement benefits from two different places for the "same period of service." Even though the deputy city clerk served twenty years under A.C.A. § 24-12-122
as of September 25, 1993, she continued to work in that position until December 31, 1994. In order to be eligible for benefits under A.C.A. §24-12-122, the deputy city clerk must: a) serve twenty years; b) retire or be succeeded in office by another deputy city clerk; and c) reach age sixty-five. The employee must retire in order to end her "period of service" as deputy clerk under A.C.A. § 14-42-117. In sum, the deputy city clerk will be receiving retirement benefits under A.C.A. § 24-12-122
for her service as deputy city clerk, which service ran from September 25, 1973 until December 31, 1994. If she were to receive any benefits from the city retirement plan for the period of service from September 25, 1993 to December 31, 1994, she would be receiving more than one retirement benefit for the "same period of service" under A.C.A. §14-42-117. This is the situation that A.C.A. § 14-42-117 was enacted to prohibit. The employee will receive full retirement benefits as a deputy city clerk under A.C.A. § 24-12-122. She should not be entitled to receive additional city benefits for such service, even though she decided, as many people do, to continue working past her retirement eligibility date.
In my opinion the proposal outlined in your third question would be clearly prohibited by A.C.A. § 14-42-117. As mentioned earlier, the employee must choose to receive benefits either under A.C.A. § 24-12-122
or under the city plan. The employee cannot elect to receive benefits under A.C.A. § 24-12-122 and count any service as deputy city clerk for purposes of calculating local city retirement benefits. In addition, the employee may not elect to receive benefits under A.C.A. § 24-12-122, and then attempt to subvert the requirement that she be sixty-five years of age prior to receiving benefits by impermissibly also receiving benefits under the city plan
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Subchapter one of chapter 12 of Title 24 of the Arkansas Code provides for local pension plans for certain "paid nonuniformed employees," but these provisions would not appear to be applicable to the employee you mention (see A.C.A. § 24-12-101 defining "paid nonuniformed employees" as including only the mayor, city attorney, city treasurer, city clerk, and municipal judge). The subchapter also provides, however, that it shall have no applicability to cities having a "paid nonuniformed employees" pension and relief fund prior to February 23, 1949. See
A.C.A. § 24-12-102. I assume, therefore, that the City of Springdale had some type of local pension plan in effect in 1966 for "employees" which is no longer addressed by state statute.
[2] A question may arise under the provisions of A.C.A. § 14-42-117
regarding the receipt of a "lump sum" of "accumulated benefits established by the municipality." It is clear, however, when the legislative history of this statute is reviewed, that this part of the proviso appearing in A.C.A. § 14-42-117 only applies to "elected officials" and not to employees. The deputy city clerk is not an elected official, and thus we must analyze only with the first part of the statute regarding receipt of benefits from more than one source for the "same period of service," and the final phrase regarding an election to be made by the employee.